IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| THOMAS DODSON, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   1:07cv770 (JCC) |
| | ) |
| DHI MORTGAGE COMPANY, LTD. | ) |
| | ) |
| Defendant . | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs' Motion to Dismiss.  For the following reasons, Plaintiffs' Motion is granted.

**I. Background**

This action arises from alleged fraudulent activity and violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. Plaintiffs Thomas and Olga Dodson ("the Dodsons") obtained a loan from Defendant DHI Mortgage Company, Ltd. ("DHI") as a result of misrepresentations of material facts made by DHI's agent to the Dodsons, intending to mislead them.  The Dodsons relied on the falsities, and ended up with a loan much greater than their ability to pay.  They are suing for rescission of the loan contract and damages for the financial hardship they have encountered as a result of the loan transaction.

Mr. and Mrs. Dodson filed this action on March 26, 2007, in the U.S. District Court for the Western District of

1

Texas.  DHI filed an answer on April 26, 2007, and subsequently moved for a change of venue to the Eastern District of Virginia which was granted on July 11, 2007.  The Dodsons' attorneys withdrew as counsel when the case was transferred, and they now proceed pro se.  They filed a Motion to Dismiss on November 9, 2007.  On November 16, 2007, DHI filed a Memorandum in Opposition to the Motion to Dismiss, as well as their own Motion to Dismiss and Motion for Summary Judgment, which were amended to include the required Roseboro Notice on November 19.  The Dodsons' Motion to Dismiss is currently before the Court.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, plaintiffs may dismiss an action either "(i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."  Fed. R. Civ. Pro. 41. In addition, an action may be dismissed by order of the Court under Rule 41(a)(2), which provides that "at the plaintiff's instance" a court can order dismissal "upon such terms and conditions as the court deems proper," with the caveat that "[i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the

2

counterclaim can remain pending for independent adjudication by the court." *Id.* The district court's decision regarding whether to grant a dismissal pursuant to Rule 41(a)(2) is reviewed for abuse of discretion. *Teck Gen. Pshp. v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998). A Rule 41(a)(2) motion is typically "granted unless there is 'substantial prejudice' or 'plain legal prejudice' to the defendant." *Id.* (citing *S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986); *Gross v. Spies*, 133 F.3d 914, 1998 WL 8006, *5 (4th Cir. 1998) (unpublished disposition)).

### III. Analysis

Although Plaintiffs style their Motion as a Motion to Dismiss, the Court will construe it as a Motion to Nonsuit under Federal Rule of Civil Procedure 41. Defendant filed their Answer on April 26, 2007, and there has been no filing of a stipulation of dismissal signed by Defendant, so a nonsuit without a court order is not possible under Federal Rule of Civil Procedure 41(a)(1). Therefore, the Court will consider the motion under Rule 41(a)(2). The focus of the Court in deciding this Motion must be "primarily on protecting the interests of the defendant." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). The Fourth Circuit has identified four general factors this Court will consider regarding the question of prejudice: "(1) the opposing party's effort and expense in preparing for trial; (2)

3

excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Teck,* 28 F. Supp. 2d at 991 (citing *Gross v. Spies*, 133 F.3d 914, (4th Cir. 1998)).

Although Defendant has begun taking depositions and has filed a Motion to Dismiss and a Motion for Summary Judgment, none of those actions had occurred at the time that Plaintiffs filed their Motion.  In Rule 42(a)(2) motions, "it is abundantly clear that the pendency of summary judgment motions alone is insufficient grounds for denying a motion to dismiss where, as here, the plaintiff has not been dilatory in bringing its motion." *Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley*, 178 F.R.D. 328, 331 (D.D.C. 1998)(citing *In re Air Crash Disaster*, 720 F. Supp. 1505 at 1525; *Conafay II*, 268 U.S. App. D.C. 295, 841 F.2d 417 at 420 ("Motions for summary judgment filed after the motion for voluntary dismissal are insufficient to support a finding of prejudice.")).  There is no indication that Plaintiffs were dilatory in bringing their Motion, particularly as they did so before the filings by Defendant.

A Rule 42(a)(2) motion "permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis,* 819 F.2d at 1273.  This Court will

4

allow all depositions and discovery that have already occurred in this case to be retained for use in any future case filed by Plaintiffs in this matter in order to obviate any prejudice they would otherwise experience.  Granting the motion with these conditions will allow Plaintiffs to obtain an attorney to assist them in bringing the suit and will minimize any possible prejudice to Defendant.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.

An appropriate order will issue.


November 30, 2007                    /s/
Alexandria, Virginia        _____
                            UNITED STATES DISTRICT COURT JUDGE